LAURA BEILHARZ ET AL. v. W. ILLINGSWORTH ET AL.

Decided November 12, 1910.

**1.—Mechanic's Lien—Constitutional Law.**

The mechanic's, artisan's and materialman's lien provided for by section 37, article XVI, of the Constitution, does not depend upon compliance with the statute enacted by the Legislature in obedience to the direction therein given, and, except as to subsequent purchasers of the property involved, the lien is not

lost by the failure of the mechanic or materialman to file in the office of the county clerk an itemized account of his claim, as directed by the statute, when proper notice of the claim is served upon the owner of the building being constructed, before payment is made to the contractor.

### 2.—Same—Orders on Fund—Equitable Assignment.

Orders for money on the owner of the building given by a contractor to a materialman for material furnished in the erection of the building constitute an equitable assignment of so much of the fund in the hands of the owner, due and to become due to the contractor, as would be necessary to pay off and discharge said orders, and would take precedence over the lien of any other party furnishing material for the construction of the building of which notice was not given until after the presentation and acceptance of said orders.

### 3.—Same—Pro Rata Payment—Statute Construed.

The provision of article 3310, Rev. Stats., placing liens for materials furnished for the construction of a building upon an equal footing, applies only between those lienors who have complied with the statute and stand upon the same plane as to diligence. It can not affect a materialman who has secured an equitable assignment of a part of the fund owing to the contractor.

### 4.—Same—Conflicting Claims—Interpleader—Interest on Fund—Attorney's Fee.

Where there are conflicting claims by subcontractors and materialmen to an uncontested balance due the contractor in the hands of the owner of the building, such owner might interplead the contestants, and deposit the fund in the registry of the court to be distributed by the judgment of the court; and in such case the owner is entitled to be allowed a reasonable attorney's fee, to be taken out of the fund, for filing said interpleader; nor should such owner be required to pay interest on said fund from the date of the completion of the building to the date of the judgment when the interpleader is promptly filed and the deposit is promptly made.

Appeal from the District Court of Dallas County. Tried below before Hon. J. C. Roberts, Special Judge.

*Charles A. Rasbury,* for appellant, Jones Lumber Co.—An order by the contractor directing the owner to pay one materialman to the exclusion of another will not transfer such funds unless it is alleged and proven that other materialmen claiming an interest in the money have not, according to law, proven and established their statutory lien. Texas Builders' Supply Co. v. National L. & I. Co., 54 S. W., 1059; Jennings v. Willer, 32 S. W., 28; Johnson v. Amarillo, etc., 88 Texas, 507; Nichols v. Dixon, 89 S. W., 765.

The several statutory provisions which constitute the right of the materialman upon notice to a lien upon the land and improvements of the owner to the extent of the money on hand belonging to the contractor at the time the lien is established according to law, contemplates an equal and *pro rata* distribution of the fund among all those who furnished material or labor; and it is not within the power of the contractor, by secret arrangement or otherwise with a favored creditor, to exclude other materialmen from *pro rata* participation therein, or by such process set aside and destroy and annul the plain provisions of the law. The right of the contractor to transfer or assign what is thought to

be his is not involved; nor is the law of equitable assignment. The issue involved is the efficiency of the law of mechanic's lien, which was intended to enable all who furnished material or labor to construct a building, to share equally in the money due to the contractor when he refused to pay or abandoned the work, as in this case. Besides, one who takes from the contractor such an order takes it charged with notice of the law that permits the fixing of the lien, and the owner, if he pays the money on the order, does so at his peril. Same authorities.

A court in the exercise of its authority can not allow a defendant compensation for attorney's fee unless provided by statute, and, at most, only when it is shown that the defendant has preserved or protected some funds in danger of loss. Flack v. Neill, 22 Texas, 256; Salado College v. Davis, 47 Texas, 135; Houston, etc., v. Oram, 49 Texas, 346; Strauss v. Dundon, 27 S. W., 503.

*Holloway & Holloway,* for appellee, Mosher Manfg. Co.—An order on the owner in favor of a materialman, is an equitable assignment and superior to any lien of which notice is given after the owner had received notice of the assignment. The assignment may be verbal. (Clark v. Gillespie, 70 Texas, 513.) Hence, even a general order will operate as an assignment if the parties agree that it is to be paid out of a particular fund. Johnson v. Amarillo Imp. Co., 88 Texas, 505, 510; N. Y. Life Ins. Co. v. Patterson (Texas Civ. App.), 80 S. W., 1058; McBride v. Am. R. & L. Co. (Texas Civ. App.), 127 S. W., 233.

*Etheridge & McCormick,* for appellee, Parlin & Orendorff Co.—The court did not err in allowing this appellee to pay the fund into court without also paying in legal interest thereon, Lonergan v. San Antonio Trust Co., 101 Texas, 80; Fullenwider v. Longmore, 73 Texas, 480; 20 Cyc. Law and Procedure, p. 1067.

It was proper for the court to allow to this appellee a reasonable attorney's fee, under the circumstances of this case, for services in filing its interpleader and procuring an order permitting the fund to be paid into court for the benefit of the different claimants thereto. Newhall v. Kastens, 70 Ill., 156; Illingsworth v. Rowe, 28 Atl., 456; 12 Ency. Pleading and Practice, p. 475; Trustees v. Greenough, 105 U. S., 535; La. State Lottery Co. v. Clark, 16 Fed., 20; Glaser v. Priest, 29 Mo. App., 1; Nixon v. N. Y. Life Ins. Co., 100 Texas, 262.

TALBOT, ASSOCIATE JUSTICE.—This suit was brought by W. Illingsworth on the 4th day of September, 1906, against R. H. Milner and the Parlin & Orendorff Company. The petition alleged, in substance, that Parlin & Orendorff Company in June, 1905, contracted with the said Milner to construct for it upon a part of block 30 in the city of Dallas a five-story building for the sum of $46,000; that in July or August of the same year the said company made a further contract with the said Milner to add an additional story to said building for which it agreed to pay him the sum of $7000; that plaintiff was conducting a

planing mill, manufacturing mill work, and engaged in the sale of lumber; that between July 3, 1905, and June 3, 1906, plaintiff sold and delivered to Milner lumber and material to be used by him in the construction of said building for the defendant Parlin & Orendorff Company, aggregating the sum of $4241.05, an itemized account of which was attached to and made a part of the petition; that on May 9, 1906, the said Milner admitted to plaintiff the correctness of his said account to the amount of $4199.95, and gave to plaintiff a written order on defendant company directing it to pay to plaintiff said last named amount and charge the same to his contract and deduct it from money due him on his next estimate. Plaintiff alleged that on May 9, 1906, he delivered to defendant Parlin & Orendorff Company an itemized account of the lumber and material furnished to Milner and used in the construction of its said house, and gave said defendant written notice of his claim, as provided for by law; that at the same time he presented to defendant said written order, which was by it accepted and payment thereof promised; that on July 26, 1906, plaintiff filed his account, properly verified, with the county clerk of Dallas County, Texas, and, in accordance with the statute, fixed and secured a materialman's lien upon the building of said Parlin & Orendorff Company; that said building had been completed and accepted by the defendant Parlin & Orendorff Company, and that at that time the company had in its hands about $10,000 due Milner on the contract for the erection thereof. Plaintiff Illingsworth further alleged that on August 23, 1906, the defendant Milner gave to him a written order on Parlin & Orendorff Company for the sum of $174.20, directing said company to pay plaintiff out of money due Milner on his contract for the construction of said house, said amount; that said last named order was given for material furnished for the completion of said building beyond the contract of Parlin & Orendorff Company, and included in the amount pleaded by it and not subject to general distribution.

The Mosher Manufacturing Company voluntarily intervened in the suit, and, after alleging the contract between the defendants Milner and Parlin & Orendorff and the erection of the building, substantially as did the plaintiff Illingsworth, set up that on September 16, 1905, and on divers dates thereafter up to July 13, 1906, intervener sold and delivered to the defendant Milner iron work and other building material and performed certain work in the erection of the defendant's, Parlin & Orendorff Company, house, of the total value of $5241.70, as shown by an itemized account of the same annexed to and made a part of its petition; that the prices charged therefor are just and reasonable values of said work and material, and that, as stated in said account, the sum of $1141.70 thereof is due and unpaid after allowing all just and lawful offsets, payments and credits; that intervener caused due notice to be given to Parlin & Orendorff Company of said work done and material furnished, in accordance with the statute of this State relating to the fixing of liens for such work and materials; that on May 29, 1906, while

there was in its hands about $8000 due on said building contract, Milner gave to intervener an order in writing on Parlin & Orendorff Company directing said company to pay to intervener said sum of $1141.70, which order was presented on said day to said company and by it then and there verbally accepted; that on August 14, 1906, intervener caused to ·be filed in the office of the county clerk of Dallas County, Texas, its claim of lien duly verified against the said property of Parlin & Orendorff Company, to the extent of said account and interest thereon, which was duly recorded.

The defendant Parlin & Orendorff Company, on November 2, 1905, pleaded a general demurrer and general denial to the petition of the plaintiff Illingsworth and to the petition of intervention of the Mosher Manufacturing Company; and, specially, that of the whole amount of the contract price agreed by it to· pay Milner for the erection of its building there remained in its hands only the sum of $6960.28. That plaintiff Illingsworth, Mosher Manufacturing Company, who had already intervened in the suit, Theodore Beilharz and Jones Lumber Company (and a number of other parties who have not appealed), were claiming said fund, and that the aggregate amount of their claims, which were conflicting, greatly exceed the amount of said fund; that its property was likely to be encumbered or clouded with liens and a double liability imposed upon it; that the only way to protect the defendant was by requiring the said claimants of said fund to interplead in this suit and set up their respective rights in said fund, in which controversy the said company was not interested save for its protection, etc. The prayer of this defendant's answer was to the effect that the parties be cited to appear, that said defendant be permitted to pay into the registry of the court said sum of $6960.28, and that the parties hereto, other than defendant Parlin & Orendorff Company, be required to interplead and establish their rights to said fund, and that defendant company be discharged from all claims of any of the parties and that its property be relieved of all liens filed and placed thereon, and that it have its costs in this behalf incurred, including a reasonable attorney's fee.

The defendants Beilharz and Jones Lumber Company pleaded general and special demurrers, and, specially, that they had sold and delivered to Milner certain material which was used by him in the construction and erection of the Parlin & Orendorff building, and that the fund in the hands of Parlin & Orendorff Company should be shared proportionately by the creditors of Milner who had fixed liens upon its building. The Jones Lumber Company alleged, in substance, that on July 13, 1905, and up to and including July 13, 1906, it sold and delivered to Milner certain lumber, doors and other building materials specified in an itemized account thereof annexed to its answer, of the reasonable value of $14,708.06. That, after allowing the credits shown by said account, Milner was indebted to the Jones Lumber Company in the sum of $6704.32, which amount the said Milner had failed and refused to pay; that in order to fix its materialman's lien upon the

premises of Parlin & Orendorff Company it caused notice to be given said company of the amount of its said debt, and on September 6, 1906, filed a copy of its account against Milner, properly verified, with the county clerk òf Dallas County, Texas, for record.

Mrs. Beilharz alleged that she was the widow, executrix and sole heir of Theodore Beilharz, deceased; that her husband was, on or about August 1, 1905, and up to the time of his death, engaged in the business of running a stone yard, and on August 1, 1905, and on December 26, 1905, sold and delivered to Milner the granite steps, stone bases, caps, keys, sills and other stone work used by him in the erection of the Parlin & Orendorff Company's building, of the reasonable value of $1157. That said Milner had paid $800 of said indebtedness, leaving a balance due and unpaid of $357, which Milner had refused to pay; that on the 12th day of May, 1906, the said Parlin & Orendorff Company was duly notified of said claim, and on the 1st day of September, 1906, said account, showing said amount of $357 unpaid, duly sworn to, was filed with the county clerk of Dallas County, Texas, to be recorded for the purpose of fixing the materialman's lien, as provided for by the statute of this State.

By an amended answer filed November 4, 1908, the Parlin & Orendorff Company, in addition to the matters set up in their original answer, pleaded, among other things, that the orders presented to it by the plaintiff Illingsworth and the intervener, Mosher Manufacturing Company, were received by it, but not accepted nor paid. But that if it is mistaken in its allegation that it did not accept either of the orders drawn on it by Milner, but did in fact accept said orders, then said acceptance operated as a payment of the amounts thereof at a time when it might have paid same to Milner without violation of any right of any of the other parties to this suit, and prayed to be protected against a double liability. ·

The general and special exceptions of Mrs. Beilharz and the Jones Lumber Company were overruled; the case was tried before the court without a jury and resulted in a judgment that Mrs. Beilharz recover of Milner the amount of her debt, but that the materialman's lien claimed by her be denied; that Parlin & Orendorff Company be permitted to pay into the registry of the court the said $6960.28 remaining in its hands on the contract with Milner, less $200 allowed it as attorney's fee; that out of said money there should be paid to plaintiff Illingsworth $4374.15; to Mosher Manufacturing Company $1141.70, and to the Jones Lumber Company the balance of said money remaining after the payment of court costs—the court holding that Mrs. Beilharz had not filed her account in the office of the county clerk of Dallas County for record within the time required by the statute, and hence had failed to fix and secure a materialman's lien upon the premises in question; that the plaintiff Illingsworth, Mosher Manufacturing Company and Jones Lumber Company had filed their respective accounts, properly verified, with said clerk within the time required, and had

fixed and secured upon said premises the materialman's lien, but that by reason of the written orders given by Milner to plaintiff and the Mosher Manufacturing Company they were entitled to priority of payment, as recited in the judgment, out of the money held by the Parlin & Orendorff Company on its contract with Milner. From this judgment Mrs. Beilharz and the Jones Lumber Company have appealed.

The propositions contended for by the appellant Jones Lumber Company, in substance, are:

(1) The several statutory provisions which constitute the right of the materialman to a lien upon the land and improvements of the owner thereof to the extent of the money on hand belonging to the contractor at the time the lien is established, contemplate an equal and pro rata distribution of the fund among all those who furnished material or labor, and therefore an order by the contractor directing the owner to pay one materialman to the exclusion of another will not have the effect to transfer such fund unless it is alleged and proved that the other materialmen claiming an interest in the money have not, according to law, proven and established their lien.

(2) The court erred in adjudging that the claim of Illingsworth for $174.20, which accrued August 23, 1906, should receive priority of payment over that of the Jones Lumber Company.

(3) The building in question was completed August 4, 1906, and the court erred in that part of its judgment by which it allowed the defendant Parlin & Orendorff Company to pay into the registry of the court the amount of money remaining in its hands after the completion of the building, without adding thereto interest at the legal rate upon said amount from the date of such completion up to the time of the rendition of the judgment.

(4) The court erred in awarding to J. M. McCormick, attorney for the defendant Parlin & Orendorff Company, the sum of $200 to be paid out of the funds in its hands as attorney's fee incurred by said company on account of this litigation, for the reason that it was shown by the testimony that Parlin & Orendorff Company did not occupy the position of a trustee or stakeholder who had preserved or protected the fund held by it for the benefit of those entitled thereto.

The appellant, Mrs. Beilharz, contends, in effect, that the lien given by the Constitution of this State to materialmen is, without filing the contract or account, as directed by the statute, with the county ·clerk, effective against the owner of the building constructed and all parties having notice of the contract or account; and that the failure to file or record such lien within the time prescribed by the statute will not defeat the materialman's right to participate, with other materialmen claiming liens, in the distribution of the fund in the hands of the owner of the building when such fund is insufficient to pay off and satisfy the claims of all. Mrs. Beilharz also urges the foregoing propositions contended for by appellant Jones Lumber Company, except the one asserting

that the court erred in awarding Parlin & Orendorff the attorney's fee incurred by them.

Addressing ourselves to the first contention made by Mrs. Beilharz, we think the court erred in holding that she did not have a valid materialman's lien upon the Parlin & Orendorff building. Such lien is given by the Constitution (section 37, article XVI), in the following language: "Mechanics, artisans and materialmen of every class, shall have a lien upon the buildings and articles made or repaired by them, for the value of their labor done thereon or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens." It has been held that it was the intention of the members of the convention which framed and adopted this section of the Constitution to give full and ample security to all mechanics, artisans and materialmen for labor furnished and material furnished for the erection of all buildings and other improvements, and the courts must give such construction to its language as will carry out that intention; that the lien therein provided for does not depend upon the statute enacted by the Legislature in obedience to the directions given in the latter clause of the section, and is not lost by the failure of the mechanic or materialman to file in the office of the county clerk an itemized account of his claim, as directed by the statute. It is said that while the Legislature may, under the Constitution, provide means for the enforcement of the lien, and in doing so may prescribe such things to be done as may be deemed necessary for the protection of the owner or purchasers of the property, yet it has no power to affix to the lien conditions of forfeiture. Strang v. Pray, 89 Texas, 525; Farmers & M. Nat. Bank v. Taylor, 91 Texas, 78.

In the case at bar, the last article of material furnished by Mrs. Beilharz's husband to be used in the construction of the Parlin & Orendorff building was delivered a few days before the 12th day of May, 1906, and it was shown without dispute that on this date the Parlin & Orendorff Company was served with notice in writing of the Beilharz account and claim of lien; and that on September 1, 1906, this account, properly itemized and verified and showing a balance due of $357, was filed in the office of the county clerk of Dallas County for record. The indebtedness of Mrs. Beilharz accrued more than ninety days before the filing of her lien, but notice thereof was given to Parlin & Orendorff Company before the completion of its building and before it had paid to Milner, or on his account, the full amount of the contract price for the erection of said building, and we are of opinion that under the decisions of this State she has not lost her lien. The Legislature had the power for the "efficient enforcement" of the lien given materialmen by the Constitution, to enact the law requiring them to serve written notice of their claims upon the owner of the building being constructed, before payment to the contractor, in order to avail themselves of the provisions of the Constitution, but we do not understand that it is absolutely essential, when such notice has been given, that the materialman shall

file his account or bill of particulars with the county clerk within ninety days after the accrual of his indebtedness in order to give effect to his lien, except as against subsequent purchasers. Strang v. Pray, *supra;* Berry v. McAdams, 93 Texas, 431.

Referring to the first proposition presented by the Jones Lumber Company and which is also urged by the appellant, Mrs. Beilharz, we are of opinion ·that the written orders given by the contractor Milner to the appellees Illingsworth and Mosher Manufacturing Company, to be paid out of money due or to become due to said contractor by the Parlin & Orendorff Company, was an equitable assignment and appropriation of the respective amounts of said orders, and superior to any claim or lien of other materialmen of which notice was given after the Parlin & Orendorff Company had received notice of the assignments. It is not disputed that these appellees each furnished the material, as alleged by them, to Milner, to be used in the construction of the Parlin & Orendorff Company's building, and that it was so used. The orders in question were promptly presented and at a time when the money held back by the owner of said building was sufficient to complete the building and to pay said orders. Upon presentation, Parlin & Orendorff Company informed appellees that there was plenty of money to complete the building, and promised to pay the orders as soon as the building was completed. At the time Illingsworth's order for $4199.95 was presented, Parlin & Orendorff had not received notice of the debt and lien of either of the appellants. Notice of Mrs. Beilharz's claim, however, had been given before the order in favor of the Mosher Manufacturing Company was drawn and presented, and notice of the claims of both appellants had been received before the order given Illingsworth for the $174.20 · had been presented. After the presentation of the orders given by Milner to Illingsworth and Mosher Manufacturing Company, Parlin & Orendorff Company paid out various sums, some to said contractor, some for material furnished to him before the said orders were presented, and some for labor and material required to complete the building. Illingsworth and Mosher Manufacturing Company gave notice and filed their respective liens before the building was completed. The Jones Lumber Company did not file or give notice ·of its debt and lien until after the completion of the building. The greater part of the claim of the Jones Lumber Company is for material furnished before the orders in favor of Illingsworth and Mosher Manufacturing Company were presented, and the amount received by said Lumber Company under the decree of the trial court is more than the value of the material furnished by it after the orders were presented.

Under the undisputed facts, we think the Jones Lumber Company has no real ground of complaint because of the trial court's action in awarding, by reason of the orders referred to, priority of payment to Illingsworth and the Mosher Manufacturing Company, and that Mrs. Beilharz can complain only, if at all, of the preference given to the claim of Mosher Manufacturing Company. That the orders given Illingsworth

and Mosher Manufacturing Company constitute an equitable assignment of so much of the fund in Parlin & Orendorff Company's hands as was necessary to pay off and discharge said orders, and took precedence over any lien of other parties furnishing material for the construction of its building, of which notice was not given until after the presentation and acceptance of said orders, can not well be questioned. Johnson v. Amarillo Improvement Co., 88 Texas, 505; House v. Schulze, 21 Texas Civ. App., 243 (52 S. W., 654).

In the first case cited, the contractors, Wood & Tunnell, gave to a materialman a note which was discounted at a bank, the owner of the building agreeing to pay the note out of the first money due the contractor after maturity. The materialman had to pay the note, and the contractor gave him a general order, which the owner promised to pay out of the first money which should become due the contractors. Discussing the question arising on this phase of the case, the Supreme Court say: "Wood & Tunnell had the right to direct the payment of any part of the money due or to become due to them under their contract to any sub-contractor, materialman or laborer who had acquired or was in position to acquire a lien upon the building for labor or material furnished in its construction. The circumstances show that it was the intention of the parties that the note was to be paid out of the fund; and we think it is also apparent that it was contemplated that the draft should be paid from the same source. This, it would seem, would make an equitable assignment of so much of the fund, and would authorize the court, in the adjustment of the equities between the parties, to decree that the plaintiff company should pay from the money found due to Wood & Tunnell the amount which the latter had directed it to pay."

The right of Illingsworth and the Mosher Manufacturing Company to priority of payment by reason of the orders given them, is not affected by article 3310 of the statute placing liens for material furnished upon an equal footing. This provision of the statute applies only between those lienors who have complied with the statute and stand upon the same plane as to diligence. The statute requires that one who furnishes material to a contractor must give notice thereof to the owner of the building as such material is furnished, and "as the owner may, so long as he receives no such notice, pay money to the contractor, and can not, under the provisions of articles 3296, 3308 and 3310, be made liable for sums thus paid," it seems clear he could not be held liable for sums paid, or for which he has bound himself to pay, on the written orders of the contractor without the notice mentioned. Nichols v. Dixon, 99 Texas, 263.

In reference to the contention that the court erred in adjudging that the claim of Illingsworth for $174.20, which accrued about the 23rd day of August, 1906, should receive priority of payment over that of the Jones Lumber Company, we think it sufficient to say that the allegations of the said Illingsworth to the effect that said claim was for work and material furnished for extras in the completion of the Parlin &

Orendorff Company's building and beyond and outside of the contract of said company with Milner, made necessary by the failure of Milner to perform his contract and complete said building and not subject to general distribution, were sufficiently established by the evidence to justify and sustain the judgment of the court.

The court did not err in allowing Parlin & Orendorff Company the sum of $200 as a reasonable attorney's fee for services in filing its interpleader herein; nor was there error in directing said company to pay the money held by it under the contract with Milner, into court, without also requiring it to pay in legal interest thereon. It is well established that "where two or more parties are each claiming the same fund in the hands of a third person, by different or separate interests, and such third person does not know to whom it of right belongs, and as to which he is indifferent as between them, he may exhibit a bill of interpleader against them." Such was the attitude of the Parlin & Orendorff Company in this case, and in the exercise of the right stated, interpleaded the appellants in the court below. Being a mere stakeholder of a fund claimed by the conflicting litigants herein, the Parlin & Orendorff Company was entitled to costs and reasonable attorney's fee for securing its protection. Nixon v. New York L. Ins. Co., 100 Texas, 250; Newhall v. Kastens, 70 Ill., 156.

That the action of the court in directing the payment of the fund into court without requiring the payment also of legal interest thereon was correct, seems clear. The amount of the fund was not disputed, but the contractor Milner defaulted on his contract before the building was completed, and Parlin & Orendorff Company was compelled to complete it for him. Illingsworth had presented his order for $4199.95 and the Mosher Manufacturing Company had presented its order in May, 1906; and before the completion of the building all of the parties to this suit were urging claims as sub-contractors or materialmen, against Milner. Illingsworth furnished material for the building late in August, 1906, and presented an order therefor from the contractor on August 23, 1906. In the case of Lonergan v. San Antonio Trust Co., 101 Texas, 80, it is held that "the proceeding prescribed by statute by which a materialman is permitted to fix a lien for material furnished by him and used in the erection of an improvement, does not create a debt against the owner of the property, but operates as a writ of garnishment would, and appropriates so much of the money in the hands of the owner as is then due and payable or may become due and payable to the contractor to the extent necessary to satisfy that claim." Parlin & Orendorff Company promptly interpleaded the adverse claimants of the fund in its hands and as soon as the order of the court was obtained, paid said fund into court. Under the circumstances, it was not liable for interest and the court did not err in refusing to require its payment.

It follows from what has been said, that, in the opinion of this court, the lien of Illingsworth, as held by the District Court, was entitled to

priority of payment out of the fund in the hands of the Parlin & Orendorff Company as against all of the parties to this appeal; that Mrs. Beilharz had a valid lien and that said lien stands upon an equal footing with the lien of the Mosher Manufacturing Company in the distribution of so much of said fund as remains after paying Illingsworth's claim, because notice of her lien was given before notice of the written order given the Mosher Manufacturing Company by Milner was served upon the Parlin & Orendorff Company; that the lien of the Jones Lumber Company does not stand upon an equal footing with the lien of the Mosher Manufacturing Company because no notice thereof was given the Parlin & Orendorff Company before the presentation and acceptance by it of the Mosher Manufacturing Company's order, but that it does stand upon such footing with the lien of Mrs. Beilharz for the reason that neither Mrs. Beilharz nor the Jones Lumber Company had any written order on Parlin & Orendorff Company for the payment of their respective claims; that as the fund is sufficient to more than pay the claims of both the Mosher Manufacturing Company and Mrs. Beilharz, said Mosher Manufacturing Company should be paid in full and Mrs. Beilharz should receive her proportion of the said fund, and the Jones Lumber Company what remains. A calculation upon this basis shows that Mrs. Beilharz is entitled to receive $102.29.

Therefore, the judgment of the court below, in so far as it denied to Mrs. Beilharz a materialman's lien, is reversed and judgment is here rendered in her favor establishing such lien. It is further ordered that out of the fund in the registry of the District Court, after paying the claims of Illingsworth and the Mosher Manufacturing Company and the costs of that court, Mrs. Beilharz be paid the said sum of $102.29; that the judgment of the District Court, in so far as it directed the payment of the balance of the fund remaining in court after paying the claims of Illingsworth and the Mosher Manufacturing Company and the court costs, etc., be paid to the Jones Lumber Company, be reversed and that judgment be here rendered that so much of the said fund as remains after paying said claims, costs and the amount directed to be paid to Mrs. Beilharz, be paid over to the said Jones Lumber Company. In other respects, the judgment of the District Court is affirmed. The costs of this appeal to be taxed against the Jones Lumber Company.

*Affirmed in part and reversed and rendered in part.*

Writ of error refused.