## HARDIN LUMBER CO. v. SHEPHERD et al.
### No. 9493.

Court of Civil Appeals of Texas. Galveston.

May 21, 1931.

Rehearing Denied June 18, 1931.

Ross, Wood, Lawler & Wood, Ralph R. Wood, and Wm. S. Bell, all of Houston, for appellant.

A. D. Dyess and Paul Strong, both of Houston, for appellee Mrs. Shepherd.

Winfree & Weslow and F. F. Beadle, all of Houston, for appellee Eternit, Inc.

Fulbright, Crooker & Freeman and Chas. A. Perlitz, Jr., all of Houston, for appellees Cox & Blackburn.

PLEASANTS, C. J.

This suit was brought by appellee Mrs. Shepherd against appellant and a number of other defendants, who are appellees herein and will be hereinafter named, to adjudicate and settle the rights of plaintiffs and each of the defendants arising out of a building contract for the construction of a duplex residence upon the homestead of Mrs. Shepherd, which contract was duly made and executed by Mrs. Shepherd and the defendant contractor, Pearce, and its faithful performance guaranteed to Mrs. Shepherd by the appellant.

The following sufficient statement of the substance of all of the pleadings filed in the case is largely copied from appellant's brief:

"Plaintiff, Mrs. Shepherd, alleges in her petition that she entered into a written contract with the defendant E. Pearce by which the said E. Pearce, as contractor, agreed to construct for her a two-story brick veneer duplex dwelling house for the contract price of Seventy Nine Hundred ($7,900.00) Dollars, Thirty Four Hundred ($3,400.00) Dollars of which was to be paid in cash, and Forty Five Hundred ($4,500.00) Dollars to be evidenced by a first lien note, the cash consideration being payable in installments, Eight Hundred and Fifty ($850.00) Dollars when the contract was signed, Eight Hundred and Fifty ($850.00) Dollars when sub-floor was down, Eight Hundred and Fifty ($850.00) Dollars when all framing was up, and Eight Hundred and Fifty ($850.00) Dollars when roof was ready for shingles, and the balance of Forty Five Hundred ($4,500.00) Dollars evidenced by the note when the job was completed and accepted by plaintiff, the said contract stipulating that E. Pearce was to give plaintiff a letter from Hardin Lumber Company guaranteeing all bills would be paid according to plans and specifications. Plaintiff further alleged that on or about October 25, 1928, Hardin Lumber Company delivered to her its Letter of Guaranty by the terms of which it guaranteed the payment of all bills for labor and material according to plans and specifications, said Letter of Guaranty being in words and figures as follows:

" 'Houston, Texas, October 25, 1928.
" 'Mrs. C. F. Shepherd, City.
" 'Dear Madam: For and in consideration of your making the payments as specified in your contract with E. Pearce direct to us, we will guarantee the payment of all bills for labor and material covering work done according to plans and specifications, of your two story brick-veneer duplex to be erected on lot five, block nine, Arbor Street, Riverside Addition, Houston, Texas.

" 'Said payments to be made as follows: Thirty Four Hundred ($3,400.00) Dollars cash and a first lien note of Forty Five Hundred ($4,500.00) Dollars, Eight Hundred and Fifty ($850.00) Dollars to be paid when contract is signed, Eight Hundred and Fifty ($850.00) Dollars when sub-floor is down, Eight Hundred and Fifty ($850.00) Dollars when all framing is up, and Eight Hundred and Fifty ($850.00) Dollars when roof is ready for shingles, and balance of Forty Five Hundred ($4,500.00) Dollars when job is completed.
" 'Yours truly,
" 'Hardin Lumber Company,
" 'J. H. Furlong, Secy.'

"Plaintiff further alleged the payment of the installments of cash provided for under contract to Pearce by checks which were endorsed to the Hardin Lumber Company or the proceeds thereof paid to the Hardin Lumber Company. Plaintiff further alleged that the house was in due time constructed by defendant E. Pearce substantially in accordance with plans and specifications; that the plaintiff authorized additional extras which were supplied by Pearce and that she was indebted to Pearce in the additional sum of Two Hundred Thirteen and 70/100 ($213.70) Dollars. Plaintiff further alleged that through

one Fred T. Wilson she had financed the Forty Five Hundred ($4,500.00) Dollar note called for in her contract with Pearce, paid the brokerage necessary to acquire said loan, had executed and delivered all papers incident thereto, and said lender at all times stood ready, able and willing to turn over to plaintiff and to said Pearce and to each of the defendants therein the proceeds of said loan upon the defendant E. Pearce, as contractor, and Hardin Lumber Company delivering receipts of all outstanding laborer's and materialmen's claims and also stood ready and able to pay to said Pearce and to said Hardin Lumber Company the amount due for extras. That the following materialmen, as she was informed and believed, were unpaid in the following amounts and that defendants Pearce and Hardin Lumber Company had not furnished receipts and releases therefrom:

Houston Wallpaper and Paint Co., 228
  Dallas ............................$228.70
O. E. Magee........................  30.00
E. L. Magee........................  18.00
L. A. McCracken....................  18.70
Cox & Blackburn....................  500.00
Bert Lindsey, a/c plumbing,.........  530.00
Bert Lindsey, a/c tinner,...........  37.00
Eternit Inc., a/c roofing,..........  250.00

  Total.......................$1,612.40

"Plaintiff alleged that the property on which the improvements were constructed was the homestead of herself and minor children, was not subject to the liens or claims of said materialmen and sub-contractors, and that the only lien to which her property was subject was the Forty Five Hundred ($4,-500.00) Dollars called for in her contract evidenced by the note held by the client of the said Fred T. Wilson, and further alleged that defendant Cox & Blackburn had attempted to file a lien against plaintiff's property, and that the other defendants were threatening to file, liens, all of which, if filed, were void and of no effect, and plaintiff alleged that if her rights were protected it was agreeable that she pay all accounts due said materialmen, laborers and sub-contractors, aggregating the sum of Sixteen Hundred and Twelve and 40/100 ($1,612.40) Dollars, out of the funds still remaining under the control of this plaintiff but in the hands of said Fred T. Wilson, upon plaintiff's property being declared free of liens save and except the Forty Five Hundred ($4,500.00) Dollar note held by the said Fred T. Wilson. Plaintiff alleged tender into court of the proceeds of the loan procured from Fred T. Wilson and the further sum of Two Hundred Thirteen and 17/100 ($213.17) Dollars covering extras, and prayed that such sums be distributed between the said defendants as their interests appeared, and that all purported liens against plaintiff's property except the liens securing the Forty Five Hundred ($4,500.00) Dollars be cancelled.

"Defendants O. E. Magee and E. L. Magee filed no pleading.

"Defendant Eternit Inc. filed answer and cross-action in which, omitting formal parts of the pleading, said defendant and cross-plaintiff alleged the contract between Pearce and plaintiff, Mrs. C. F. Shepherd, as alleged by plaintiff, specifically pleaded the Letter of Guaranty, alleged the payments of the cash consideration as was done by plaintiff, alleged the loan made by plaintiff through Fred T. Wilson, alleged that under written contract with E. Pearce, which was attached to its pleading, it furnished and applied asbestos shingle roof to plaintiff's improvements and alleged that E. Pearce by virtue of his contract, and Hardin Lumber Company by virtue of its guaranty, became obligated to pay it the sum of Two Hundred Fifty Three and 95/100 ($253.95) Dollars. Said cross-plaintiff prayed for judgment against E. Pearce, and Hardin Lumber Company for the amount of its debt and further prayed that its judgment against defendants E. Pearce and Hardin Lumber Company, if procured, be paid from the funds tendered into court by plaintiff.

"E. A. Cox and E. A. Blackburn filed answer and cross-action which, omitting the formal parts, alleged the contract between E. Pearce and plaintiff Mrs. C. F. Shepherd, specifically pleaded the letter of guaranty, alleged that under contract with E. Pearce it furnished frigidaire for which it was due the sum of Five Hundred ($500.00) Dollars, alleged that on or about March 13, 1929, it notified plaintiff by letter in writing by registered mail of its claim and subsequently filed affidavit to fix mechanic's lien. It prayed for judgment against Mrs. C. F. Shepherd, E. Pearce, and Hardin Lumber Company and for foreclosure of its mechanic's lien and for proportion of the sum tendered into court by plaintiff, Mrs. C. F. Shepherd.

"Houston Wallpaper and Paint Company filed plea of intervention, alleging that it furnished E. Pearce with wallpaper and paint which went into the construction of plaintiff's improvements to the extent of Two Hundred Twenty Eight and 70/100 ($228.70) Dollars; that the payment of said amount was guaranteed as alleged by plaintiff, and that defendant E. Pearce and Hardin Lumber Company had refused to pay the same or any part thereof, and said intervenor prayed judgment of the court and general and special relief.

"Bert Lindsey filed plea of intervention in terms the same as that of Houston Wallpaper and Paint Co., alleging that he had furnished E. Pearce with plumbing and tin work to the extent of Five Hundred and Sixty Seven ($567.00) Dollars, and prayed judgment of the court and for general and special relief.

"Defendant L. A. McCracken filed an answer alleging that plaintiff had no claim against said defendant and alleging that he had furnished E. Pearce with extra wiring for which he was entitled to recover the sum of Eighteen and 70/100 ($18.70) Dollars. Said defendant prayed judgment against E. Pearce and plaintiff, Mrs. C. F. Shepherd, for the sum of Eighteen and 70/100 ($18.70) Dollars."

The defendant, appellant, after a general demurrer and special exception to plaintiff's petition, answered by a general denial, and specially pleaded that it was beyond the charter powers of appellant to issue or execute letters or contracts of general guaranty for the performance of building contracts by the contractor, and, if any such contract was made by any officer of the appellant company, it was ultra vires and void; that its secretary, J. H. Furlong, who executed the guaranty contract pleaded and relied on by defendants, had no authority to bind defendant by such instrument, and that, if such authority existed, appellant was released from the obligation of the guaranty because of the failure of plaintiff to make the cash payments to appellant, as provided in the letter of guaranty, and because the consideration for such guaranty had failed, in that, after its execution, the contractor, Pearce, for the purpose of receiving advances made to him by appellant to pay for the material and labor necessary in the construction of the building, with the knowledge and consent of plaintiff, assigned and transferred to appellant the whole amount of the consideration agreed to be paid him by the plaintiff in his contract with her for the construction of the building constituting the subject-matter of the contract, and the material so furnished Pearce and the necessary advances made by appellant to him were in excess of the consideration agreed to be paid by plaintiff for the construction of the building.

By cross-action against all of the adverse parties to the suit, the appellant alleged the execution by plaintiff, under her contract with Pearce, of the note for $4,500 dated November 22, 1928, and payable to Pearce or his order 90 days after date, and, second, by the statutory liens given for the protection of contractors, mechanics, materialmen, and labor, and also by an express contract lien given by plaintiff; that said note and the lien securing it had been transferred and assigned by Pearce to appellant, who was now the legal holder and owner thereof; that the note was past due and unpaid, and had been placed in the hands of an attorney and suit filed thereon, and appellant was entitled to recover thereon, in addition to the principal and interest due upon the note, the further sum of 10 per cent. attorney's fees upon such principal and interest, as stipulated in the note, and also the further sum of $457.94 for extras furnished Pearce by appellant under the provision of plaintiff's contract with Pearce.

The prayer of appellant is that the plaintiff and other parties herein before named take nothing in their suit against it, "and that upon a final hearing hereof this defendant and cross-plaintiff have and recover of and from the plaintiff Mrs. C. F. Shepherd the amount of her debt as evidenced by the note hereinabove pleaded, plus interest and attorney's fees, and plus such amount of extras as shall be shown to be owing by the said plaintiff, Mrs. C. F. Shepherd, to the defendant E. Pearce and all costs of court, and further, that the contractors, mechanics, materialmen and laborers lien and deed of trust lien securing the payment of said indebtedness be foreclosed upon the above described land and premises and said land and premises decreed sold as under execution in satisfaction thereof, and that the liens and claims, if any, of all other defendants be cancelled and held for naught, and cross-plaintiff further prays for judgment against E. Pearce in the sum of $457.94, together with legal interest thereon, and for judgment over against the said defendant E. Pearce for any amounts, if any, which may be recovered by any of the parties hereto against this defendant and cross-plaintiff. This defendant and cross-plaintiff further prays for all costs of court, and for such other and further relief, general and special, to which it may be entitled at law or in equity."

Cross-plaintiff Eternit, Inc., filed supplemental petition in answer to cross-action of defendant Hardin Lumber Company, pleading that, the plaintiff, Mrs. C. F. Shepherd, having relied upon said letter of guaranty, defendant Hardin Lumber Company, having received all the consideration for its guaranty, was estopped to plead ultra vires, and that it was within the charter powers of defendant Hardin Lumber Company to enter into said letter of guaranty.

The supplemental petition of Eternit, Inc., was adopted by defendants Cox & Blackburn and by plaintiff, Mrs. C. F. Shepherd.

The trial in the court below without a jury resulted in a judgment in favor of each of the defendants, except the appellant, against the plaintiff, Mrs. Shepherd, for the amount of their respective claims to be paid out of the $4,500 due upon the note of plaintiff for that amount held by appellant, and a judgment in favor of Mrs. Shepherd against appellant for the respective amounts so adjudged against her.

The court further adjudged and decreed "that none of the defendants as cross-plaintiffs have any cause of action whatsoever against the plaintiff Mrs. Shepherd, save and except as to the $4500.00 in which she is still indebted to the Hardin Lumber Company, less the amount of cross-plaintiffs' respective claims, and that none of said cross-plaintiffs

have any lien whatsoever on plaintiff's property described (in the pleadings). * * *

"That the plaintiff, Mrs. C. F. Shepherd, shall pay to each of the cross-plaintiffs herein named the amounts of their respective judgments against her out of the $4500.00 proceeds from the loan procured from Fred T. Wilson, or, should said loan not be consummated, shall personally pay to the cross-plaintiffs the amounts of their respective judgments against her and the remainder of said sum of $4,500.00, together with Two Hundred Three and 70/100 ($203.70) Dollars covering extras set out in paragraph IV of plaintiff's petition, upon which credit in the sum of Ten ($10.00) Dollars was shown to apply, shall be paid by the plaintiff, Mrs. C. F. Shepherd to the Hardin Lumber Company as the balance due by her on account of the note in the sum of $4,500.00 now held by the Hardin Lumber Company; whereupon, the said Fred T. Wilson and his principal shall become subrogated to all the rights and the liens now held by the Hardin Lumber Company as the holder of said $4,500.00 note, the amount to be received by the Hardin Lumber Company out of the proceeds of said loan from the said Fred T. Wilson, or in default of the consummation of said loan to be received from the plaintiff and cross-defendant Mrs. C. F. Shepherd, in full satisfaction of all the rights, titles, interests and liens of the said Hardin Lumber Company being the sum of Three Thousand Ninety One and 30/100 ($3,091.30) Dollars."

There is no material conflict in the evidence. The contract between Pearce and Mrs. Shepherd for the construction of the building and the letter of guaranty contained in plaintiff's petition before set out were introduced in evidence. This contract is as follows:

"Houston, Texas, Oct. 24th, 1928.
"Contract between Mrs. C. F. Shepherd and E. Pearce, to build a two story, brick veneer, on lot number five (5) in block number nine (9) Arbor street, Riverside Addition, Houston, Texas, for the sum of Thirty Four Hundred ($3400.00) Dollars cash, and first lien note of Forty Five Hundred ($4500.00) Dollars. Eight Hundred Fifty ($850.00) Dollars to be paid when the contract is signed and Eight Hundred Fifty ($850.00) Dollars when the sub-floor is down and Eight Hundred Fifty ($850.00) Dollars when all framing is up and Eight Hundred Fifty ($850.00) Dollars when roof is ready for shingles and balance of Forty Five Hundred ($4500.00) Dollars when job is completed and accepted by Mrs. C. F. Shepherd, E. Pearce is to give you a letter from Hardin Lumber Company, guaranteeing all bills to be paid according to plans and specifications.
"[Signed]     E. Pearce, Contractor.
          "Mrs. C. F. Shepherd, Owner."

At the request of appellant, the trial court made and filed conclusions of fact and law. These findings of fact include the following: "I further find that the Hardin Lumber Company, in this transaction and in many other transactions, financed the construction contracts made by E. Pearce, the consideration therefor in this instance being the obligation of the said E. Pearce to purchase from the Hardin Lumber Company all building materials which said company was able to furnish necessary for the construction of the work contracted to be done by the said E. Pearce, and the profits which the Hardin Lumber Company made on account of the sale of such materials."

The court further finds that the $4,500 note provided for in the contract and a mechanic's lien on the property to secure the payment of the note were executed by Mrs. Shepherd on November 22, 1928, and delivered to the contractor, Pearce, and by him transferred and delivered to appellant. This transfer of the note and lien to appellant was filed for record in the office of the county clerk on January 19, 1929, and duly recorded in the proper record book.

The court also finds that the cash payments called for in Mrs. Shepherd's contract with Pearce were made to Pearce in accordance with the contract, and appellant received the benefit of such payments under its contract with Pearce.

Further findings of the court are as follows:

"I find that defendant Hardin Lumber Company furnished to E. Pearce material which went into the construction of improvements for Mrs. Shepherd, totaling the sum of $3,971.40, and cash in the sum of $4,057.79, all of which went to pay orders drawn by E. Pearce upon said fund for the payment of payroll for laborers, sub-contractors, and material men furnishing labor and material in said job. * * *

"That each of said interveners, with funds still remaining in the hands of the plaintiff due by her as a part of the contract price, now evidenced by the note held by the Hardin Lumber Company, gave plaintiff notice that their respective claims remained unpaid for the purpose of fixing their respective liens against said funds still remaining due on said contract by plaintiff. I further find that plaintiff, Mrs. C. F. Shepherd, received notice of the claim of Cox & Blackburn on March 13, 1929, and that subsequent thereto and within the time permitted by law, from the maturity of its claim, defendants Cox & Blackburn filed an affidavit in the Mechanic's and Materialmen's lien Records of Harris County, Texas, claiming a lien on the property owned by Mrs. Shepherd and hereinabove described. I find that this notice of Cox & Blackburn was given to Mrs. Shepherd

subsequent to the assignment and order from defendant E. Pearce to Hardin Lumber Company.

"I further find that none of the materialmen and sub-contractors who are intervenors herein and are above listed, excepting defendant Hardin Lumber Company, had any notice prior to the time they furnished material and labor to E. Pearce, of the letter executed by Hardin Lumber Company and addressed to plaintiff, Mrs. C. F. Shepherd, and that none of said claimants relied thereon in furnishing material to defendant E. Pearce.

"I find that plaintiff, Mrs. C. F. Shepherd, was a widow at the time she acquired the title to the above described land, and was a widow at the time she executed all the papers hereinabove set out. I further find that she is the head of her family with minor children, and that they now reside in the house constructed under said contract, occupying the same as their homestead. I further find that she never executed any mechanic's and materialman's lien or deed of trust other than as hereinabove set out.

"I find that the improvements were constructed by defendant E. Pearce for plaintiff, Mrs. C. F. Shepherd, substantially in accordance with plans and specifications.

"I find that plaintiff, Mrs. C. F. Shepherd, owes, over and above the contract price, an additional sum of Two Hundred Three and 70/100 ($203.70) Dollars for extras, which she has at all times stood ready, able, and willing to pay upon defendants Hardin Lumber Company and E. Pearce performing their obligations under their said contract with her.

"I find that none of said persons served notice upon Mrs. C. F. Shepherd of their claims prior to the payment by her to E. Pearce of all cash due the said E. Pearce under her contract, or prior to the assignment of the $4,500.00 note from E. Pearce to Hardin Lumber Company, or prior to the order given by E. Pearce, drawn on plaintiff Mrs. Shepherd, in favor of Hardin Lumber Company, and that all sums due by Mrs. Shepherd under her contract, including the $4,500.-00 had been assigned to Hardin Lumber Company prior to the receipt of any notice from any of said claimants. I further find that none of said claimants, except Cox & Blackburn, have filed affidavits or attempted to fix a lien against the property of the plaintiff, Mrs. C. F. Shepherd."

Without discussing or setting out in detail the various assignments and propositions presented in appellant's brief, we have reached the conclusion that, upon the pleadings and the facts found by the trial court, the judgment cannot be upheld. The pleadings of none of the defendants appellees, except the appellees Cox & Blackburn, claim any lien upon the property of Mrs. Shepherd; their only claim against plaintiff being such as might inure to them by her payment to the contractor of money due him under his contract after notice to her that the contractor had not paid the claimants for supplies or labor furnished him by the claimants in the construction of the building. Such pleadings wholly fail to allege any compliance with the necessary requirements of the statutes to fix a lien upon plaintiff's property, and obviously do not seek a judgment establishing such lien, and the facts found by the trial court negative the existence of any such lien. The claim against plaintiff is based entirely upon the claim that she has in her hands money due the contractor, Pearce, which the defendant appellees are entitled to have her apply to the payment of their respective claims, which plaintiff in her pleading graciously consents to do if she is protected pro tanto against appellant's right to enforce the payment of the $4,500 note.

█ In view of the undisputed evidence and the findings of the court above set out, the plaintiff owed the contractor, Pearce, nothing at the time the defendant appellees notified her of their respective claims against him. Long prior to the time the notice of these claims was given, the plaintiff, Mrs. Shepherd, all of the money due by her to Pearce, the contractor, and the note and mechanic's lien provided for in the contract, had been paid and delivered by her to Pearce, and transferred and delivered by him to appellant. The trial court expressly finds that the value of the material furnished by appellant which went into the construction of the building and the cash advances made by appellant to Pearce to pay for labor and for other material furnished him in the construction of the building exceeded the amount due by Mrs. Shepherd under her contract with Pearce. Upon this state of the pleadings and the facts found by the trial court we fail to see any legal or equitable ground upon which a judgment in favor of defendant appellees for the payment of their claims out of the note held by appellant can be sustained. Our conclusion upon this question seems so obviously just and sound that citation of authority in its support seems to us unnecessary. The same question, however, was before this court in the case of South Texas Lumber Co. v. Concrete Construction Co., 139 S. W. 913, 914. In deciding the cited case, Justice Reese, speaking for this court, said: "The assignment of Van Demark & Grady to the South Texas Lumber Company operated to transfer completely and absolutely to it all money due, or to become due, under the contract, and thereafter Armstrong [the owner] was not authorized and could not be required to pay any part of the money to any one else. By his acceptance, and even without such acceptance, by notice to him of the assignment, he became bound to pay to the lumber company. There is no

question of lien of any kind on the property, nor on the fund, so far as Armstrong is concerned. Armstrong owed, not Van Demark & Grady, but the South Texas Lumber Company, their assignees."

To like effect are the decisions in the cases of Beilhartz v. Illingsworth, 62 Tex. Civ. App. 647, 132 S. W. 106, and Texas Glass & Paint Co. v. Southwestern Iron Co. (Tex. Civ. App.) 147 S. W. 620.

■ If the pleadings of any of the defendants appellees be construed as a claim of a direct liability to such cross-plaintiff by appellant on its letter of guaranty to Mrs. Shepherd, the trial court correctly refused to render judgment fixing such liability.

Upon the face of the letter none of these defendants appellees were parties to the contract of guaranty. It is not a general letter of guaranty made or intended for the benefit of any person other than the addressee, Mrs. Shepherd, and under the undisputed evidence was accepted by Mrs. Shepherd in lieu of a bond by the contractor to protect her in the faithful performance of the contract by Pearce and the payment by him of all sums due for labor and material furnished him in the construction of the building. If, instead of procuring the guaranty of appellant, the contractor had executed a bond by which he and his sureties bound themselves that he would discharge and pay all bills for material or claims for labor, and discharge all liens and all claims whatsoever arising from furnishing material or labor for the erection and completion of said building, it is well settled there is no such privity of contract between the maker of such bond and persons who might furnish material or labor to the contractor in carrying out the terms of his contract as would entitle them to maintain a suit upon the bond. Oak Cliff Lumber Co. v. American Indemnity Co. (Tex. Civ. App.) 266 S. W. 429; General Bonding & Cas. Ins. Co. v. Waples Lumber Co. (Tex. Civ. App.) 176 S. W. 651, 655.

In the case last cited the court says: "In every Texas case, to which our attention has been called, in which a materialman, laborer, or lienholder has been allowed to recover on the bond of a building contractor, the right has been rested upon some specific obligation in the bond directly to the plaintiff, either where the bond is by its terms made payable to him or provides that it shall inure to his benefit. In no Texas case that we have seen has it been held that a materialman may recover upon the bond of a contractor, where the bond itself or the contract requiring its execution did not provide that the bond should be payable to the materialmen or that it should inure to their benefit."

■ Privity of contract is an essential element of a plaintiff's cause of action upon any character of contract, and there can be no difference in the rule which applies to a suit upon a contract of guaranty and the rule applying in a suit on a bond.

■ There is no merit in the contention of the plaintiff appellee that appellant for a valuable consideration paid it by the plaintiff assumed the obligation of the contractor to pay the defendants appellees. The only consideration for appellant's letter of guaranty to Mrs. Shepherd was its contract with Pearce to sell to him material for the building and the profits to be derived by appellant from such sales, and Mrs. Shepherd gave no consideration for appellant's guaranty other than the execution of the contract with Pearce. The uncontradicted evidence conclusively shows that all three of these parties knew and fully understood the relations and obligations of each to the other. Pearce was to build the house according to plans and specifications and to obtain from appellant a letter guaranteeing his performance of his contract. Mrs. Shepherd was to pay him the sum named in the contract in the manner therein provided. Appellant was to furnish Pearce, to the extent of the contract price of the building, with material and money necessary to construct the building, and, as security therefor, Pearce would assign to appellant the obligations of Mrs. Shepherd to pay the contract price. Each of the parties fulfilled his obligations to the others. We are unable to see how appellant's obligation to "finance" the building can be extended beyond the contract price for the benefit of persons who are not parties to the letter of guaranty. The statement in the letter of guaranty that it is given in consideration of plaintiff's turning over to appellant the amounts to be paid by her to Pearce under his contract for the construction of the building cannot extend appellant's obligation of guaranty for the benefit of the defendant appellees. Pearce had notified Mrs. Shepherd of his assignment to appellant of the funds to accrue to him under his contract, and under her agreement with Pearce and appellant she was bound to acquiesce in such assignment.

■ No question of estoppel against appellant to deny any direct liability to defendant appellees is raised by either pleading or evidence, but, on the contrary, the undisputed evidence shows that none of the defendants appellees knew of the letter of guaranty at the time they sold material or performed labor for Pearce in the construction of the building, and therefore could not have relied upon appellant's guaranty in trusting Pearce to pay the amounts claimed by them as the value of the material and labor so furnished him.

These conclusions render it unnecessary for us to discuss and determine the remaining questions presented by the record, and re-

quires that the judgment of the court below be reversed and judgment here rendered in favor of appellant for the principal, interest, and attorney's fees due upon the $4,500 note, and for foreclosure of the mechanic's lien given upon the property described in the pleadings to secure the payment of the note, and for the further sum of $193.70, admitted to be due by plaintiff for extras furnished her under her contract with Pearce, and adjudged to appellant by the trial court.

The several judgments against plaintiff by the defendants appellees, being unsupported by pleadings or evidence, will also be reversed and rendered in favor of the plaintiff, Mrs. Shepherd.

The judgment against Cox & Blackburn on their claim of lien, not having been appealed from, will be undisturbed.

The right of the parties to carry out their agreement to refund the $4,500 is not impaired or affected by our conclusions above expressed and the judgment rendered by this court.

Reversed and rendered.

GRAVES, J. (dissenting).

When this decision was handed down, my dissent therefrom, in so far as it involved the rendition here of judgments either in favor of the appellant or against the defendants appellees on their debts as the same affected Mrs. Shepherd, was noted on the docket; that individual position was grounded on the view, first, that appellant's contract of guaranty to Mrs. Shepherd was at least susceptible of the construction given it by the able trial court and by the appellees, that is, that it meant what it so plainly says, that the lumber company—in consideration of her paying direct to them the total cost she was in any event to be out for the house, $7,900 —would "guarantee the payment of all bills for labor and material covering work done according to plans and specifications," which original and direct obligation on its part should in a proper procedural manner be given the ultimate legal effect of inuring to the benefit both of Mrs. Shepherd and of such laborers and materialmen, although the latter did not know of or rely on it at the time their service was rendered; but that, second, as the appellees did not plead such a case below, the judgment as entered on that theory lacked support, hence should be reversed and the cause remanded in order to give them an opportunity to so plead and offer proof in substantiation.

That view is still entertained, but the belated filing of this court's opinion prevents a fuller statement of the reasons for it at this late date; wherefore this dissent is respectfully entered.