VASSILIADES v. THEOPHILES (SUSSEX FIRE INS. CO. OF NEWARK, Garnishee).
No. 1747.

Court of Civil Appeals of Texas. Eastland.
March 25, 1938.

Rehearing Denied April 29, 1938.

E. A. Knipp, of Houston, for appellant.

J. A. Drossos and Bryan & Bryan, all of Houston, for appellee.

GRISSOM, Justice.

John Theophiles sued Andrew Vassiliades for debt and procured the issuance of a writ of garnishment directed to the Sussex Fire Insurance Company of Newark. Judgment in the main case was for the defendant.

The Insurance Company, garnishee, answered and therein filed a bill of interpleader admitting liability on an insurance policy in the sum of $1525, which sum it tendered into court. It alleged that it had issued a fire insurance policy covering certain articles in a restaurant operated under the name of Andrews Cafe, which restaurant was owned by the defendant Vassiliades and his partner. The restaurant burned. The garnishee alleged that certain persons had made claims for the proceeds of the insurance policy as creditors and assignees of the partners and Vassiliades. It prayed that all claimants be impleaded and their respective rights to the fund be determined. The judgment in the interpleader suit of the garnishee ordered distribution of the fund among various claimants and ordered payment of garnishee's attorneys' fees and certain costs amounting to $11.80, apparently incident to the interpleader's suit, paid out of the fund.

The payment of $75 to the attorneys for the garnishee, and said court costs out of the fund paid into court by the interpleader garnishee, is assigned as error. The judgment is not in any other respect complained of.

It is apparent that the answer of the garnishee impleading the claimants to the fund was necessary and proper; that it acted honestly and promptly; that it did not contest its liability on the policy, but admitted same and paid said sum into court; and that it occupied the position of an innocent stakeholder, taking no part in the contest between the respective claimants of the fund. Under such circumstances the garnishee interpleader was, we think, entitled to have the reasonable attorneys' fees fixed by the court and its costs paid out of the fund. 33 C.J. p. 469.

Appellant contends that he was the successful party to the suit and, since the plaintiff failed to recover anything against him, the interpleader's costs and attorneys' fees were improperly paid out of the fund, such action having the effect of causing the appellant to pay it, and that said costs and attorneys' fees should have been adjudged against the plaintiff.

In 25 Tex.Jur. § 11, p. 62, it is said: "Ordinarily a mere fundholder or stakeholder is not liable for the costs of the suit; he is, however, entitled to his own costs, which include reasonable attorney's fees for preparing and filing the bill of interpleader—provided they were properly incurred and were asked in the petition. These costs are usually awarded from the fund in controversy, rather than taxed against the unsuccessful claimant, although as a general rule, the costs as between the contending claimants must ultimately be paid by the unsuccessful party."

In Halloran v. Abilene State Bank, Tex. Civ.App., 15 S.W.2d 1056, 1060, this court held that an innocent stakeholder was entitled to his costs and attorneys' fees "out of the fund in controversy, which costs, as between the parties contending for said fund, must ultimately be paid by the unsuccessful party. Nixon v. New York Life Insurance Co., 100 Tex. 250, 98 S.W. 380, 99 S.W. 403; Beilharz v. Illingsworth, 62 Tex.Civ.App. 647, 132 S.W. 106; 4 Pomeroy's Equity, § 1480."

We are of the opinion that the attorneys' fees allowed the garnishee interpleader and the costs incident to the interpleader were properly paid out of the fund paid by the garnishee into court. If the appellant were entitled, as the successful party, ultimately to be reimbursed therefor by the unsuccessful party, it was essential that by proper pleading he ask therefor. This the appellant did not do. Therefore, the question of whether or not appellant is so ultimately entitled to be reimbursed is not presented for our decision. It was, in effect, so decided in Wilke v. Finn et al., Tex.Com.App., 39 S.W.2d 836, 840.

The judgment of the trial court is affirmed.

### On Rehearing.

FUNDERBURK, Justice.

Further consideration of this cause leads to the conclusion that a different disposition should be made of the appeal than that indicated in the original opinion.

1222

The suit is a garnishment action in the county court at law. The answer of the garnishee showed that it should have been discharged. The record shows no contest of such answer. According to the answer of the garnishee, it should have been discharged for two or more different and independent reasons. It should have been discharged, in the absence of statutory contest, because the insurance, in so far as garnishee knew or could answer, was due to Andrew Vassiliades and John Vassos, a firm doing business as Andrews Cafe, and was therefore not subject to garnishment in an action ancillary to a suit to establish only a personal liability against Vassiliades, one of the partners. In the next place, whether the fund was due to a partnership or not, garnishee, as shown by its allegations, had such notice of conflicting claims to the fund as to show the necessity that the rights of the different claimants thereto should be litigated before garnishee could safely admit that it was due Vassiliades anything whatever. That condition entitled garnishee to a discharge upon its answer, particularly in the absence of any contest, regardless of who might as the result of such litigation be adjudged entitled to the money. It therefore appears that garnishee's answer not only failed to show any necessity for maintaining an action for interpleader in order to be discharged as garnishee, but affirmatively showed there was no such necessity. The answer would therefore support no other judgment than one discharging the garnishee and adjudging the costs thereof against the plaintiff in the main suit, John Theophiles. The judgment that was rendered, while discharging the garnishee, did not adjudge the costs against John Theophiles, but provided that same, including $75 as an attorney's fee, should be paid out of a fund which garnishee had paid into the court, with the effect that to the extent of Vassiliades' interests therein he was required to pay the costs, although he was the successful party in the original suit and the garnishment suit. The judgment contains the recitation that "heretofore on July 21, 1936 (final judgment herein was entered September 2, 1936), upon motion of John Vassos; judgment was rendered by this court that the fund held by the Sussex Fire Insurance Company of New York and at said time tendered into this court *was a partnership fund and not subject to the writ of garnishment.*" (Italics ours.) Thus was found by the court, as well as alleged by the garnishee, facts to show as a matter of law

that there was no necessity for an action of interpleader as a means of establishing the right of the garnishee to a discharge upon its answer. It likewise appears that the only proper judgment would have been one assessing all the costs against John Theophiles.

We are further of the opinion that if it had been necessary to maintain the action of interpleader in order to establish garnishee's right to a discharge or to ascertain the proper amount for which judgment should be rendered against it as garnishee, the county court had no jurisdiction of such action as was brought. The amount involved was $1,525. In its pleading garnishee, among other things, said it "does not know nor is it certain to whom such money belongs or whether or not *all of such money belongs to Andrew Vassiliades* or John Vassos, joint assureds under" the policy, etc. (Italics ours.) The action therefore involving $1,525 sought to invoke the jurisdiction of the county court to adjudge whether all of it may not have been due to one person or another or parts of all of it to different persons. It seems clear that the county court had no potential jurisdiction of such an action.

But even if the amount of the debt had been within $1,000 and, as to amount, within the jurisdiction of the court, there were no written pleadings in the record of any of the supposedly interpleaded claimants of the fund. In county court written pleadings are required to support a judgment. The clerk certified that the transcript "is a full, true and correct copy and transcript of all of the proceedings had in the trial" of the cause. This must be taken to be true, at least and especially so when, as here, there is nothing in the record to show the contrary.

Although appellant seems to have considered himself a party to the suit, the record does not show that he was a party until he made himself a party by filing the motion for a new trial. Plaintiff's pleading, of course, did not make him a party; the only party being the garnishee. The record contains no citation nor formal waiver of citation. There is no pleading by him, nor is there any recitation in the judgment of the court that he appeared as a party. The record suggests that he regarded himself as a party simply by virtue of being the defendant in the suit to which the garnishment proceeding was ancillary.

The trial court being without any jurisdiction to determine the ownership of the $1,525 insurance, it was without jurisdiction to provide that $75 of the amount should be paid as fees to the attorneys, and especially so when it had the effect of requiring the successful party to pay all the costs.

We therefore conclude that appellant's motion for rehearing should be granted; that the judgment of the court below should be reversed and the cause remanded, with directions, to dismiss the action of interpleader and to render judgment discharging the garnishee, with provision that the plaintiff pay the costs of the garnishment suit. It is accordingly so ordered.