**CARR & HOWARD CONSTRUCTION COMPANY, Appellant,**

v.

**PANHANDLE STATE BANK, Appellee.**

No. 7058.

Court of Civil Appeals of Texas.

Amarillo.

May 29, 1961.

Rehearing Denied June 26, 1961.

**794**

Tom L. White, Monahans, for appellant.

Gassaway, Allen & Norman, Borger, for appellee.

DENTON, Chief Justice.

The appellee, Panhandle State Bank of Borger, instituted this suit against Carr & Howard Construction Company and Orvil Thornburg, Jr., for the sum of $2,000, the alleged unpaid balance due on a promissory note. The note, in the original amount of $5,000, was executed by Thornburg in favor of the appellee bank. The alleged cause of action against Carr & Howard was based on an assignment by Thornburg to the bank and the acceptance of the assignment by Carr & Howard. The case was tried to a jury, but upon the close of the evidence both parties filed motions for instructed verdict. The trial court granted the bank's motion against both Carr & Howard and Thornburg. Only the construction company perfected this appeal, and it brings forward two points of error.

It is appellant's contention the trial court erred in granting the bank's motion for instructed verdict, and in refusing to grant appellant's motion. The material facts are undisputed. A few days prior to July 8, 1959 Thornburg approached R. L. Grimes, then president of appellee bank, relative to obtaining a loan of $5,000. Security was required and Mr. Grimes agreed to make the loan on condition the bank be given an assignment of Thornburg's "retainage" to the extent of $5,000 held by Carr & Howard. Thornburg was a subcontractor for general contractor Carr & Howard on a road construction job in Callahan and Shackelford counties. The "retainage" referred to was money withheld by the appellant from the amounts due Thornburg as the contract was being performed. At the completion of the work this fund was payable to Thornburg.

The material part of the assignment addressed to Carr & Howard Construction Company is as follows:

"Dear Sir:

"I, Orvil Thornburg, Jr., have assigned my Retainage to the extent of Five Thousand Dollars ($5,000.00) from the above Road Job to the Panhandle State Bank, Borger, Texas. This retainage will amount to approximately $7,000.00, and is payable upon completion of the project.

"I hereby authorize Carr & Howard Construction Co. to deduct $5,000.00 from my Final Estimate and to mail a check for this amount to the Panhandle State Bank, Borger, Texas.

> "Yours truly,
> /s/ Orvil Thornburg, Jr.
> Orvil Thornburg, Jr."

"The above assignment is accepted and $5,000.00 will be deducted from your Final Estimate and mailed to the Panhandle State Bank, Borger, Texas.

"Dated this 7th day of July, 1959.
> "Carr & Howard Construction Co.
> /s/ Paul T. Carr
> Paul Carr."

Upon the delivery of this instrument to the bank on July 8, 1959, the $5,000 note, payable on demand, was executed by Thornburg in favor of the bank. On the following day Paul Carr, owner of the appellant construction company, called Mr. Grimes by telephone because, as Mr. Carr phrased it, he (Carr) thought the transaction should be "clarified." A letter by Mr. Carr to the bank following this telephone conversation indicated Carr desired the assignment be withdrawn and another one substituted "covering any monies due and payable to him (Thornburg) after all bills from labor, repairs, fuel and other pertinent items concerning this job had been deducted." This letter was not answered by the bank and

no other assignment was executed. Following the telephone conversation with Mr. Carr, the bank determined Thornburg had withdrawn $2,000 leaving a balance of $3,000 on deposit. The bank thereupon withdrew the latter amount from Thornburg's account and the note was credited for the $3,000. It is undisputed that the balance of $2,000 plus interest and attorney's fees is unpaid after proper demand.

The sole question to be determined is the liability of Carr & Howard to the bank under the terms of the assignment and its acceptance. Appellant takes the position the assignment of Thornburg's money in the "Retainage" held by Carr & Howard and their agreement to deduct the note payment out of the "Final Estimate" is a conditional assignment—conditioned on there being money belonging to Thornburg in the fund at the time the contract was completed. The record shows the fund was depleted at the time Thornburg completed his contract, and appellant contends it is therefore not liable to the bank as a matter of law. At the time the assignment was executed, Thornburg's "Retainage" amounted to approximately $5,000 which grew to nearly $6,000 when the first of other claims against Thornburg's account was presented in the early part of August, 1959. It is undisputed that this retainage fund was depleted because of payments Carr & Howard made to Thornburg's creditors including wages and brokerage and finance charges earned by the appellant company itself. Appellant argues as the general contractor under bond, it was required to pay these claims against the construction job.

■ The term "assignment" designates the act by which one person causes to vest in another his right or property or interest therein. 6 Tex.Jur.2d, Sec. 1, page 401 and authorities cited. The instrument given to the bank by Thornburg was by its expressed terms a written assignment. Paul Carr, owner of appellant Carr & Howard Construction Company, expressly accepted this assignment. The assignment is unambiguous and in our opinion the intention of the parties is clear. Mr. Grimes testified he relied on this assignment and would not have made the loan to Thornburg in the absence of such assignment and its acceptance by appellant. Carr's telephone call and letter to the bank seeking to substitute or limit the assignment previously executed and accepted indicates Carr considered the assignment was binding. We therefore are of the opinion the assignment of Thornburg to the bank operated to transfer completely and absolutely to the bank up to $5,000 of Thornburg's retainage fund and thereafter Carr & Howard was not authorized to pay this money to other claimants of Thornburg's. South Texas Lbr. Co. v. Concrete Const. Co., Tex.Civ. App., 139 S.W. 913; Hardin Lbr. Co. v. Shepherd, Tex.Civ.App., 40 S.W.2d 215. It is uncontradicted the bank relied on the assignment as security for the note. In the absence of the assignment, credit would not have been extended to Thornburg.

■ In order for an assignment to be sufficient there must be an appropriation of the fund either by an order on the specific fund or by transferring the amount otherwise in such a manner that the holder of the fund is authorized to pay the amount directly to the creditor without the further intervention of the debtor. Davis & Goggin v. State Natl. Bank of El Paso, Tex. Civ.App., 156 S.W. 321 (writ refused); Cooper v. Cocke, Tex.Civ.App., 145 S.W. 2d 275 (no writ history). See also 6 Tex. Jur.2d, Sec. 35, page 426. In applying this rule to the facts of this case, we are of the opinion the assignment had the effect of appropriating Thornburg's interest in the "Retainage" to the bank and that the former transferred any control he might otherwise have had over the fund to the extent of his indebtedness to the bank. The bank thus acquired an equitable lien against the "Retainage" to the extent of Thornburg's liability on the note. Davis & Goggin v. State Natl. Bank of El Paso, supra, and authorities there cited. By disposing of these funds to the detriment of the bank,

Carr & Howard Construction Company must assume, along with Thornburg, the outstanding indebtedness owed to the bank by virtue of the unpaid balance due on the note.

We are therefore of the opinion the judgment of the trial court should be affirmed.

Affirmed.