**OLSHAN LUMBER COMPANY, Appellant,**

**v.**

**Clift T. BULLARD et ux., Appellees.**

**No. 14665.**

Court of Civil Appeals of Texas.

Houston.

Nov. 4, 1965.

DeLange, Hudspeth, Pitman & Katz, M. Marvin Katz, Houston, for appellant.

No brief filed for appellees.

COLEMAN, Justice.

Olshan Lumber Company sued J. F. Dillard, a contractor, on a promissory note and joined as defendants C. T. Bullard and his wife, alleging their failure to pay to Olshan Lumber Company amounts owed by them to Dillard as required by the terms of a collateral assignment from Dillard to Olshan of the money to become due to Dillard from the Bullards by reason of a building contract. At the conclusion of the plaintiff's case the trial court sustained a motion for judgment and rendered a judgment in favor of Olshan against Dillard on the note, and that Olshan take nothing against the Bullards. Dillard has not appealed. Olshan appeals only as to that part of the judgment favorable to the Bullards.

Dillard contracted to construct a house for the Bullards and, in order to secure credit for materials and supplies, he executed a note payable to Olshan in the sum of $3,000.00 together with a written collateral assignment of all of the money payable to him under the terms of the building contract. Notice in writing of this assignment was sent to and received by the Bullards.

On or about March 18, 1963, the Bullards made a partial payment as required by the contract by delivering to Dillard a

check in the sum of $3,000.00 payable to Dillard and Olshan. Dillard represented to the Bullards that this would pay Olshan all that he owed it. On this date Dillard owed Olshan for materials the sum of $1,480.32. Dillard endorsed the check and gave it to Olshan. Olshan credited Dillard's account with the $3,000.00 and then debited the account in the amount of $1,519.68 as a cash payment. Olshan gave Dillard a check in that amount. This resulted in payment in full of the account and in a division of the $3,000.00 check in accordance with the interests of the named payees.

Thereafter Olshan furnished Dillard additional supplies and materials, debiting his account in the sum of $1,170.87. On March 22, 1963, the Bullards issued a check to Dillard in the sum of $1,000.00; on March 27, 1963, one in the sum of $3,000.00; and on April 21, 1963, a final check in the sum of $975.50. These payments, together with sums previously paid, constituted payment in full as provided in the building contract. Olshan was not made a payee in either of these checks, and received none of the proceeds, apparently because the Bullards were under the impression that Olshan had been paid in full and no longer had an interest in the proceeds of the contract. They made no inquiry of Olshan and had received no information from that company to that effect. There was testimony that Olshan would not have extended credit to Dillard except for the note and collateral assignment securing it.

The trial court filed certain findings of fact, but such action was inappropriate in this case since it was decided on a motion for judgment at the conclusion of the plaintiff's evidence. In such a case the evidence should be viewed in the light most favorable to the plaintiff and unfavorable evidence should generally be discarded. Donaldson v. Oak Park Cemetery, Inc., Tex.Civ.App., 110 S.W.2d 119; Higgins v. Mossler Acceptance Corporation, Tex.Civ.App., 140 S.W.2d 532.

The general rules of law applicable to this case are set out in 4 Corbin on Contracts, Section 890, p. 577, where it is said:

"Before the obligor has been notified of the assignment he is justified in believing that his duty is still owed to his original obligee, the assignor. It follows that payment to the assignor, or the rendition of other required performance to him, operates as a discharge; and the assignee must look to the assignor for his remedy . . . The assignee could have prevented such change of position, and thereby protected his own rights, by giving notice of the assignment.

"After notice of the assignment has been given to the obligor, or knowledge thereof received by him in any manner, the assignor has no remaining power of release. The obligor must pay the assignee." and in Section 894, p. 589 (Ibid):

"As to such discharges prior to notice, the rule applicable to the assignee is caveat emptor; after he has received notice, the obligor must get his discharge from the assignee only.

*  *  *  *  *  *

"A payment made by the obligor to his original creditor is fully operative in defense against an assignee if it was made in good faith without notice, actual or constructive, of the assignment. It is otherwise of payments made with such notice or with knowledge of facts sufficient to put the obligor on inquiry."

This rule of law is supported by Texas cases to the same effect. South Texas Lumber Co. v. Concrete Construction Co., Tex.Civ.App., 139 S.W. 913; Fidelity & Deposit Co. of Maryland v. Kelsay Lumber Co., Tex.Com.App., 29 S.W.2d 1052; Rollison v. Hope, 18 Tex. 446; Carr & Howard Constr. Co. v. Panhandle State Bank, Tex. Civ.App., 347 S.W.2d 793, error ref., n. r. e.

It is clear that the Bullards were not entitled to rely on statements made to

them by Dillard after they had received notice of the assignment to Olshan. By the terms of the assignment they were required to make all payments to Olshan. The evidence in this case does not establish payment of the note as security for which the assignment was given. The manner in which the payments made by the Bullards were divided between Olshan and Dillard was controlled by the contract between those parties. There is no testimony that it was agreed by them, or intended by them, that the $3,000.00 credited to Dillard's account by Olshan would constitute full payment of the note, and, in view of the uncontroverted evidence that as part of the same transaction Olshan gave Dillard its check for $1,519.68, an inference of payment in full could not be drawn from the credit notation. A collateral assignment continues in force until the debt for which it is security is paid in full. 4 Corbin on Contracts, § 881, pp. 541–543.

The judgment of the trial court that Olshan Lumber Company take nothing against Clift T. Bullard and wife, Virginia Bullard, is reversed and the cause is remanded for trial.