David **TAUBENHAUS**, Appellant,

v.

**JUNG FACTORS, INC.**, Appellee.

No. 574.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 23, 1972.

Rehearing Denied March 22, 1972.

Charles C. Foster, Jr., Dee, Foster & Bonds, Houston, for appellant.

Herbert N. Lackshin, Tita, Lackshin, Nathan & Schwartz, Houston, for appellee.

SAM D. JOHNSON, Justice.

This appeal involves a suit brought by Jung Factors, Inc., appellee, seeking to re- cover a money judgment against David Taubenhaus, appellant.

During the first month of 1966 Tauben- haus was in the process of constructing an office building. A representative of J & R Sales Company (also known as JARCO) approached Taubenhaus proposing to fur- nish and arrange all of the artificial plants for the planter boxes at his office building known as Belfort Square in Houston, Tex- as. An agreement was reached and the project completed. Thereafter J & R Sales sold several schedules of accounts re- ceivable to a factoring company, Jung Fac- tors, which was engaged in the business of purchasing accounts receivable. Among those accounts which were sold were those representing the sale of plants from J & R Sales to Taubenhaus. There were four in- voices involved, three signed by Tauben- haus and a fourth which is not disputed. The four invoices represent amounts of $301.12, $602.24, $342.70 and $12.50 respec- tively.

The original J & R invoices were hand- written. After their sale Jung Factors prepared typed invoices on J & R invoice paper. Such later prepared typed invoices bore a stamp notifying of the assignment and payment due to Jung Factors. The four new invoices were then mailed on the date of their purchase on four separate dates, February 23, 24, 28 and March 16, 1966. They were sent to Taubenhaus by regular mail at the address shown on the invoice, that is: David Taubenhaus, Bel- fort Square, Houston, Texas. Each mail- ing bore the return address of Jung Fac- tors and none were every returned.

On February 27, 1966, Taubenhaus paid J & R Sales $301.12. On March 22, 1966, he paid J & R Sales $12.50. On March 25, 1966, he paid J & R Sales $600.00. Tau- benhaus steadfastly claimed that the pay- ments made by him to J & R Sales were on the handwritten invoices presented him by J & R Sales. Taubenhaus further claimed that he never received any of the typed invoices and denied any knowledge

of the assignment to Jung Factors until the date of a telephone conversation with an officer of Jung Factors on April 30, 1966. Jung Factors attempted to collect from both J & R Sales Company and Taubenhaus but to no avail. Taubenhaus tendered to Jung Factors a check for $344.94 in an attempt at full settlement. Jung Factors subsequently returned the check to Taubenhaus and filed the instant suit for an amount in excess of $1,200.00.

■ The trial court, sitting without jury, held that notice of the assignment was received by the appellant Taubenhaus before payment of the second check of $12.50. The trial judge rendered judgment that the appellee Jung Factors recover $957.44 on the indebtedness plus attorney's fees in the sum of $400.00. No findings of fact or conclusions of law were requested and none were made. In such instance it is presumed that the trial court resolved every issue of fact raised by the evidence in appellee's favor and the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. Seaman v. Seaman, 425 S.W.2d 339 (Tex.Sup.1968).

Appellant here asserts five points of error. The first three relate to the alleged error of the trial court in rendering the judgment and in finding that Taubenhaus had notice of the assignment of J & R Sales to Jung Factors. The last two relate to the alleged error of the trial court in disregarding evidence that the work done by the assignor J & R Sales was not as warranted and the awarding of attorney's fees.

■ Under Tex.Bus. & Comm.Code Ann. sec. 9.318(c) V.T.C.A. (1968) "The account debtor is authorized to pay the assignor until the account debtor receives notification that the account has been assigned and that payment is to be made to the assignee." There is no issue here as to whether the account was assigned. The issue is whether notice of the assignment was received by Taubenhaus prior to his payments to J & R Sales Company.

The facts include the mailing of the four separate invoices on the four separate dates notifying Taubenhaus of the assignment by J & R Sales to Jung Factors. The envelopes contained the return address and none were returned. In evidence also is a reference card prepared by Gordon Clemmons, President of Jung Factors, which notes a telephone conversation between Clemmons and Taubenhaus on March 29, 1966. In such conversation Taubenhaus acknowledged receipt of the invoices from Jung Factors and admitted making payments on them directly to J & R, stating that his secretary overlooked the notice.

Though the foregoing well might be deemed sufficient the most persuasive evidence that notification was received by Taubenhaus is the second check paid by him to J & R Sales. This check was in the sum of $12.50 and bore the notation "Inv. No. 4927" in the lower left hand corner. The handwritten invoices sent by J & R Sales did not bear invoice numbers. The invoices sent by Jung Factors did contain numbers however, and this invoice number was contained in the invoice for the $12.50 sum.

From the record the trial judge held that notification was not received by Taubenhaus upon paying the first check of $301.12, to J & R Sales. The trial judge further held, however, that notification was received by the time the second check of $12.50 was paid and thereafter. The evidence is sufficient for such determination and appellant's first three points are overruled.

■ Appellant Taubenhaus next asserts a breach of warranty by J & R Sales and contends that such defense is good against the assignee. The breach of warranty contention was raised for the first time in ap-

**152**

pellant's first amended original answer filed the day of trial, over five and one-half years after installation of the plants. No written warranty was asserted or introduced. At trial the appellant testified the plants had been orally warranted for a five year period. Appellant's own testimony showed that the plants were installed in his building at the time of sale, that the plants had never been removed or replaced and that they were still in the building at the time of trial. The foregoing evidence is sufficient to support the judgment of the trial court where the trial court made no findings of fact or conclusions of law and was not requested to do so.

██ Appellant lastly contends error in the awarding of attorney's fees, since he tendered $344.94 to Jung Factors, Inc., as settlement. In the absence of a legally sufficient tender claimant is entitled to recovery of a reasonable attorney's fee. Hoot v. Quality Ready-Mix Company, 438 S.W.2d 421 (Tex.Civ.App.-Corpus Christi 1969, no writ). The trial court properly held the tender of $344.94 legally insufficient and attorney's fees of $400 are not inappropriate. Appellant's fifth point is overruled.

The judgment of the trial court is affirmed.

On Motion for Rehearing.

██ Appellant has filed a motion for rehearing in which it is correctly pointed out that we cited Tex.Bus. & Comm.Code Ann. sec. 9.318(c) (1968), while the facts which gave rise to this cause of action occurred some months prior to the effective date of this statute. Prior to the cited statute the law regarding notice of an assignment to the debtor was substantially similar; the debtor was entitled to continue payments to his creditor until notice was received by the debtor of the assignment from the creditor to the assignee. Olshan Lumber Company v. Bullard, 395 S.W.2d 670 (Tex.Civ.App.-Houston (1st Dist.) 1965, no writ); Globe Indemnity

Co. v. West Texas Lumber Co., 34 S.W.2d 896 (Tex.Civ.App.-Austin 1930, no writ); 4 Corbin on Contracts, § 890, p. 577 (1951).

Appellant's motion for rehearing is denied.