NO. 07-08-0321-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 19, 2009

_____

JOE E. HALL, APPELLANT

V.

RONDA PARKS, APPELLEE

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-542,598; HONORABLE WILLIAM C. SOWDER[1]

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Joe E. Hall, appeals from a judgment rendered in favor of Appellee,

Ronda Parks, following a jury trial of Parks's action seeking to settle a property dispute

---

[1]The judgment in question was signed by the Honorable J. Blair Cherry, Jr., Senior District Judge sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(3) (Vernon 2005).

arising out of an executory contract for conveyance of real property.[2]  Hall asserts the trial court erred by (1) failing to grant an instructed verdict or judgment notwithstanding the verdict in favor of Hall on Parks's action asserting waiver; and (2) issuing judgment in favor of Parks as buyer under the executory contract in question.  We affirm.

## Background

This is a suit concerning an executory contract for conveyance of real property originally entered into between Hall[3] and Steven Daniel Johnson that was subsequently assigned from Johnson to Parks.  In her suit, Parks alleged actions for breach of contract, wrongful eviction, statutory fraud, violations of Texas Property Code sections 5.06(a), 5.063, 5.065, 5.066, 5.075 and 5.077, a declaratory judgment action based on violations of Texas Property Code section 5.077, and waiver.  Hall filed a counter-petition asserting a declaratory judgment action that sought a finding that Hall owned the property at issue and, in the alternative, sought a finding of breach of contract if the trial court determined a valid contract existed between Hall and Parks.

---

[2]*See generally* Texas Property Code Ann. §§ 5.061 - 5.080 (Vernon 2004).

[3]Joe E. Hall and his wife, Bettie, originally entered into the contract with Steven Daniel Johnson.  However, because Bettie has since deceased and Hall is acting on behalf of her estate, for convenience, we will refer only to Hall throughout this opinion.

2

**Contract for Deed**

On August 10, 2003, Hall entered into a contract with Johnson, whereby Hall agreed to convey certain real property[4] to Johnson based upon Johnson's agreement to pay a purchase price of $15,000.00, in monthly installments of $294.01, representing payments of principal and interest. The contract contained an assignment prohibition provision which stated as follows:

> Neither this contract nor the property herein described may be assigned, sold, pledged or mortgaged by the Purchaser without first obtaining the written consent of Seller thereto.

The contract also contained a default provision which permitted Hall to "elect . . . to declare the entire unpaid indebtedness, together with interest . . . due and payable . . . or to declare [the] contract cancelled and of no further force and effect . . ." in the event a violation of any provision remained uncured for ten days. Following execution of the contract, Johnson lived on the property and made substantial improvements.

---

[4]Specifically, the contract described the property as follows:

Lot or Tract Number Twenty-one (21), Milton West Terrace, a subdivision of a part of the SW/4 of Section 69, Block A an addition to the City of Lubbock, Lubbock County, Texas and also to be included in the sale of said real estate are the following improvements: water well with pump, septic system, livestock barn, hog barn and pens, and fenses (sic).

On March 3, 2004, Johnson assigned his entire interest in the contract to Parks. The assignment stated, in pertinent part, as follows:

> I would request that this statement be made retroactive to the initial signing of the contractual agreement between myself and the landowners, JOE and BETTIE HALL, of Lubbock, Texas, that being August 15, 2003.

> Pursuant to this agreement, Ronda V. Parks will be responsible for the prorated 2003 property taxes . . . to present as long as she remains a party to the amended contract, and any other costs/fees applied to the purchase of the property located at 6517 East 1st, Lubbock, Texas, for which I would have been, otherwise, accountable for.

> It is my understanding that Joe and Bettie Hall are amenable to this settlement and will hold it binding to the original contract.

After Johnson executed the assignment, Parks delivered it to Hall. She explained that Johnson was going to be absent for a time[5] and asked if she could take over Johnson's rights and duties under the contract. Although Hall did not agree to the assignment in writing, he accepted the assignment and filed it with his papers relating to the executory contract in question. After delivering the assignment, Parks began making monthly payments, which Hall accepted.

---

[5]Evidence indicated that Johnson was subsequently incarcerated.

4

**Subsequent Litigation**

In July 2006, Jimmie Joe and Janie Carol Littlefield, prior purchasers of the property sold by Hall to Johnson in 2003, filed suit claiming an ownership interest in the property. Parks subsequently intervened in the suit. In October 2006, Parks ceased making payments to Hall on the advice of her attorney and instead began making her monthly payment into a trust account on Hall's behalf. Nevertheless, in April 2007, Hall sent a letter of default to Johnson seeking payments owing from October 2006 through May 2007 with interest. The letter further indicated that, if the delinquency amount was not paid, the property would be sold in foreclosure. Parks testified she never received the letter and was unaware whether Johnson received the letter. In August 2007, Hall foreclosed on Johnson's interest in the property and the property was struck off to Hall at the foreclosure sale. Johnson's interest in the property was subsequently conveyed to Hall by trustee's deed. In September 2007, title to the property was cleared of the Littlefields' claim.

In March 2008, Parks filed the action underlying this appeal after Hall filed an eviction proceeding against her. The eviction suit was abated pending resolution of this suit.

**The Trial**

On June 18, 2008, Parks's suit was tried before a jury. After Parks's case-in-chief, Hall moved for an instructed verdict on all Parks's causes of action. The trial court granted

5

Hall's motion on all Parks's causes of action with the exception of her claim that Hall waived the contract provision requiring Hall's written consent to the assignment between Johnson and Parks.

At Parks's request, the trial court submitted two questions to the jury on her waiver cause of action as follows:

> QUESTION NO. 1: Do you find that Steven Johnson conveyed his interest in the contract in question to Ronda Parks?  Answer "Yes" or "No"  _____

> QUESTION NO. 2: Was Steven Johnson's failure to obtain Joe E. Hall's written consent to assign the contract for deed to Ronda Parks excused? Answer "Yes" or "No"        _____

The jury answered "Yes" to both questions, Hall subsequently filed a motion for judgment notwithstanding the verdict, and the trial court denied his motion.

On July 25, 2008, the trial court issued its judgment.  The judgment held that Johnson's assignment to Parks was valid; Hall waived his contractual right to require his written consent to the assignment;  and that Hall was legally responsible as seller, and Parks was legally responsible as buyer, under the terms and conditions of the original executory contract as if Parks had originally executed the contract.[6]  Finally, the trial court

---

[6]On June 30, 2008, Hall demanded that Parks make a final payment of $6,045.82 in principal and interest.  On September 26, 2008, Parks tendered final payment to Hall, *i.e.,* a cashier's check in the amount of $7,509.40.  Hall has not presented the cashier's check for payment nor conveyed the property to Parks as contemplated by the executory contract.

ordered that Hall take nothing on his counterclaim against Parks, that each party bear their own attorney fees, and that costs be assessed against Hall. This appeal followed.

**Discussion**

Hall contends Parks offered no evidence to establish that he waived his contractual right to require his written consent to the assignment of Johnson's rights under the contract to Parks. Hall also asserts that, because Parks did not sign the assignment, she was not legally obligated to pay the indebtedness on the contract. As a result, Hall contends his notice of default and foreclosure of the contract gave him clear title to the property through his Trustee's Deed.

### I. Standard of Review

In reviewing rulings on motions for directed verdicts and judgments notwithstanding the verdict, appellate courts apply the no-evidence standard. *See City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005); *McGuire, Craddock, Strother & Hale, P.C. v. Transcontinental Realty*, 251 S.W.3d 890, 895 (Tex.App.–Dallas 2008, pet. denied). The court reviews the evidence and must credit the favorable evidence if reasonable jurors would and disregard contrary evidence unless reasonable jurors would not. *City of Keller*, 168 S.W.3d at 827. A challenge to the legal sufficiency of evidence will be sustained when, among other things, the evidence offered to establish a vital fact does not exceed a scintilla. *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006). Evidence

7

does not exceed a scintilla if it is "so weak as to do no more than create a mere surmise or suspicion" that the fact exists. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004).

## II.     Waiver

Waiver occurs when a party either intentionally relinquishes a known right or engages in intentional conduct inconsistent with claiming that right. *Zipp Industries, Inc. v. Ranger Ins. Co.*, 39 S.W.3d 658, 664 (Tex.App.–Amarillo 2001, no pet.) (citing *In Re Epic Holdings, Inc.*, 985 S.W.2d 41, 57 (Tex. 1998)). A party's silence or inaction, coupled with knowledge of the right, for such an unreasonable period of time as to indicate an intention to waive the right, is enough to prove waiver. *See Tenneco Inc. v. Enterprise Prods. Co.,* 925 S.W.2d 640, 643 (Tex. 1996); *Alford, Meroney & Co. v. Rowe*, 619 S.W.2d 210, 213 (Tex.Civ.App.–Amarillo 1981, writ ref'd n.r.e.). And, once a right is waived, such right is lost forever and cannot be reclaimed without the consent of the other party. *Burton v. National Bank of Commerce of Dallas,* 679 S.W.2d 115, 118 (Tex.App.–Dallas 1984, no writ). Waiver is largely a matter of intent; thus, for implied waiver to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances. *Continental Casing Corp. v. Siderca Corp.,* 38 S.W.3d 782, 789 (Tex.App.–Houston [14th Dist.] 2001, no pet.).

A contractual provision prohibiting assignment without a grantor's consent is a provision for the grantor's benefit and may be waived by the grantor. *See Johnson v.*

*Structured Asset Services, LLC*, 148 S.W.3d 711, 722 (Tex.App.–Dallas 2004, no pet.); *Twelve Oaks Tower I, Ltd. v. Premier Allergy, Inc.*, 938 S.W.2d 102, 112 (Tex.App.–Houston [14th Dist.] 1996, no writ). A grantee/debtor's failure to obtain the required consent does not render the assignment void, rather, it is voidable at the option of the grantor. *Twelve Oaks Tower I,* 938 S.W.2d at 112.

Here, there is more than a scintilla of evidence that Hall waived his contractual right to require his written consent prior to Johnson's assignment. After Johnson executed the assignment, Parks delivered the same to Hall. She asked if she could take over Johnson's rights and duties under the contract and Hall acquiesced. For the next three years, Parks paid Hall, and Hall accepted payment. During this period, Hall never exercised his rights under the executory contract in question. In fact, at trial, Hall testified that he would have signed an assignment from Johnson to Parks in 2003 had the assignment document been prepared by an attorney. Thus, Hall's silence and inaction for such an unreasonable time, coupled with his knowledge of Parks's interest in the contract, clearly indicated his intention to waive his contractual right to written consent to Johnson's assignment. *See Tenneco Inc.*, 925 S.W.2d at 643 (three years without complaint); *Twelve Oaks Tower I*, 938 S.W.2d at 112 (waiver where lessor accepts rent without complaint). Appellant's first issue is overruled.

## III. Assignment

Hall asserts that his notice of default and foreclosure on the executory contract mailed to Johnson was sufficient to give him good title to the property by virtue of his Trustee's Deed. Section 5.063 of the Texas Property Code requires that a notice of default "be delivered by registered or certified mail, return receipt requested" to the purchaser's residence. Tex. Prop. Code Ann. § 5.063(a), (c) (Vernon 2004). Similarly, written notice of a foreclosure sale must be served on each debtor "by certified mail." Tex. Prop. Code Ann. § 51.002(b)(3) (Vernon Supp. 2008). In order for a trustee to lawfully undertake a foreclosure on real property, he or she is required to comply with the notice requirements set forth in the deed of trust and as prescribed by law. *Stanley v. CitiFinancial Mortg. Co., Inc.*, 121 S.W.3d 811, 817 (Tex.App.–Beaumont 2003, pet. denied).

The record contains no evidence that the demand letter of default from Hall to Johnson dated April 13, 2007 was either registered or certified.[7] Neither does the record

---

[7]Statements by Hall's counsel either during the trial or in subsequent pleadings cannot be considered competent evidence that either notice letter was sent, certified or registered. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) ("Unsworn testimony by an attorney is not evidence."); *Laidlaw Waste Systems (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) ("Generally, pleadings are not competent evidence, even if sworn or verified."); *Collier Services Corp. v. Salinas*, 812 S.W.2d 372, 377 (Tex.App.–Corpus Christi 1991, no writ) (Attorney's remarks "during the course of trial or hearing are not evidence unless attorney is actually testifying.") We are bound to determine this case on the record as filed. *Quorum Intern. v. Tarrant Appraisal Dist.*, 114 S.W.3d 568, 572 (Tex.App.–Fort Worth 2003, pet. denied) (citing *Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979)); *Goode v. Shoukfeh*, 915 S.W.2d 666, 671 (Tex.App.–Amarillo 1996), *aff'd on other grounds*, 943 S.W.2d 441 (1997).

contain any evidence of a letter, certified or not, posted by the trustee noticing the foreclosure sale to either Johnson or Parks. Furthermore, Hall's Trustee Deed indicates there was a foreclosure sale of Johnson's interest in the property but there is no evidence of a foreclosure sale of Parks's interest.[8] Because Hall's notice of default and foreclosure was defective, we need not reach the issue of whether Parks, as assignee, had expressly or impliedly assumed Johnson's obligations under the original contract.[9] Accordingly, Hall's second issue is overruled.

## Conclusion

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

---

[8]The jury found that there was a valid assignment from Johnson to Parks wherein Johnson conveyed his interest in the executory contract in question to Parks. Johnson's assignment was absolute and vested his "right or property or interest therein" in Parks. *Carr & Howard Const. Co. v. Panhandle State Bank,* 347 S.W.2d 793, 795 (Tex.Civ.App.–Amarillo 1961, writ ref'd n.r.e.). Thus, absent a release from Hall, Johnson would remain liable for Parks's performance under the executory contract; *see Seagull Energy E & P, Inc. v. Eland Energy, Inc.,* 207 S.W.3d 342, 347 (Tex. 2006). To obtain any right to the property underlying the contract, Hall would be required to foreclose on Parks's interest in the property. Having assigned all his interest in the contract, Johnson no longer had an interest in the property itself.

[9]It is generally true that grantees and assignees become bound by the contractual obligations of their predecessors in title. *McCormick v. Krueger*, 593 S.W.2d 729, 731 (Tex.Civ.App.–Houston [1st Dist.] 1979, writ ref'd n.r.e.). Further, the assignee can be held liable under the predecessor's contract if the assignee expressly or impliedly assumes the predecessor's contractual obligations. *Jones v. Cooper Industries, Inc.*, 938 S.W.2d 118, 126 (Tex.App.–Houston [14th Dist.] 1996, writ denied), *cert. denied*, 522 U.S. 1112, 118 S.Ct. 1044, 140 L.Ed.2d 109 (1998).

11